1

Grace P. Thompson, Pro Se Plaintiff

2

40 Leupp Rd.
Flagstaff, AZ 86004

3

(928) 266-5274

FILED    LODGED
RECEIVED    COPY

JUL 11 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY      B DEPUTY

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE DISTRICT OF ARIZONA

6

7

THOMPSON, GRACE P., on behalf of herself
and all others similarly situated,

Case No:

     CV _____

8

                 Plaintiff,

vs.

9

STATE OF ARIZONA; PATRICIA L. BARFIELD;

10

AGRA TECHNOLOGIES; MARK SORENSEN;
CATHERINE AKA KATE SORENSEN; JOHN

11

DOE 1-10, individually, corporately, jointly and

12

severally, as each may be liable,

                 Defendants.

CLASS ACTION COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEF AND MONEY DAMAGES

**CV-13-08184-PCT-NVW**

13

14

     Plaintiff, Grace Thompson, on behalf of herself and all others similarly situated, complaining

15

of the above-named defendants and demanding a jury trial, states as follows:

16

## JURISDICTION AND VENUE

17

18

     1.   Jurisdiction is conferred upon this Court pursuant to 25 U.S.C. §§450 et seq,; §28

19

U.S.C. §§1331, 1337(a) et seq., 1343 and 42 U.S.C. §§1983, 1985 as the matters in controversy

20

arise under the laws and Constitution of the United States.  This Court has supplemental

21

jurisdiction to hear the State claims of plaintiffs under 28 U.S.C.A. §1367(a).

22

     2.  Venue is proper in this Court under 28 U.S.C.A. §1391(b) because a substantial part of

23

the events that gave rise to plaintiffs' claims took place in Coconino County of the State of

24

Arizona.

25

26

     3.   Plaintiff has complied with the requirements of State law waiving sovereign

27

immunity, set forth in A.R.S. §12-821.01.

28

**PRELIMINARY STATEMENT**

4.   This is a civil rights class action against the STATE OF ARIZONA, the State Corporation Commission, by PATRICIA L. BARFIELD, Dir., and private individuals for their intentional, negligent and criminal commissions and omissions which deprived, is depriving and, if allowed to continue, will continue to deprive plaintiffs of established constitutional, statutory and common law personal and property rights.

5.   Specifically, this action challenges defendants' denial, based upon plaintiffs' so-called "race", nationality and/or ethnicity, of rights secured under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.A. §1983; and defendants' intentional, negligent and  criminal deprivation of plaintiffs' educational, water, real property, public health and welfare rights as guaranteed under the Safe Drinking Water Act.(P.L. 93-523; 83 stat.1666; 42 U.S.C. §201.

6.   In addition, plaintiffs have been denied real property and water rights and free trade and business and employment opportunities by the defendants acting together and in concert, to engage in corrupt racketeering practices, monopolizing antitrust violations, fraud and conspiracy and through other criminal, intentional, grossly negligent and negligent acts and omissions including negligent supervision and training of employees and agents of defendant, STATE OF ARIZONA.

7.   Furthermore, defendants acting together and in concert have intentionally and negligently inflicted emotional distress upon plaintiffs, tortuously interfered with plaintiffs' interest in real property, water and educational rights; tortuously interfered with and manipulated plaintiffs, the Navajo Nation and other Native Americans for the purpose of exploiting them for defendants' financial gain in furtherance of defendants' monopolizing scheme toward the

construction of a Utopian segregated society and fraudulently misrepresented themselves for the purpose of obtaining Federal, State and private grants and monies, some of which plaintiffs are direct taxpaying contributors.

## **PARTIES**

8. At all times pertinent to this cause of action, plaintiff, GRACE P. THOMPSON is an individual and African-American and is a homeowner and resident of Alpine Ranches, County of Coconino, State of Arizona.

9. In March of 2008, plaintiff purchased land located in Alpine Ranches on the information and belief that the community was socially and racially integrated in accordance with the United States Constitution, that the Water Station near her property would always be available for public use and that the community school, STAR SCHOOL, was a local business which operated under principles of free enterprise and integration and equality for all peoples as is required by the United States Constitution.

10. Plaintiff is also a former King's County Assistant District Attorney (1992-1994), having passed the New York State Bar examination in July 1991 and sworn into the New York State Bar Assn., in January 1992. Plaintiff is currently an inactive member of the California State Bar Association (#151300), having passed the California State Bar Examination in July of 1990 and sworn in into the California State Bar in October 1990.

11. At all times mentioned herein, defendant, STATE OF ARIZONA, with its principal offices located at 1501 West Washington Street, Suite 104, Phoenix, Maricopa County, Arizona, was and still is the governing body and the entity responsible for the administration, implementation and enforcement of laws and regulations pertaining to the Health, Education and

Welfare of the citizens of Arizona as well as for the application, implementation and enforcement of the laws of the State of Arizona and the laws of the United States of America.

12. At all times mentioned herein, defendant, PATRICIA L. BARFIELD, is the Director of the State of Arizona Corporation Commission, with its principal offices located at 1300 W. Washington Street, Phoenix, State of Arizona, Maricopa County, and is responsible for the administration, implementation and enforcement of laws and regulations pertaining to the existence, management and operation of corporations in the State of Arizona and for the supervision and training of employees and other agents who run the daily affairs of this governmental entity.

13. At all times mentioned, defendants, MARK and CATHERINE SORENSEN, are natural persons, husband and wife, residing in Alpine Ranches, County of Coconino, State of Arizona. Defendants are President and Treasurer, respectively, of the Board of Directors which owns the PAINTED DESERT DEMONSTRATION PROJECT INC., dba THE STAR SCHOOL, which purchased the land upon which the school sits from the defendants, MARK and CATHERINE SORENSEN, who sold the land to the school's Board of Directors for $1,200,000. Defendant, MARK SORENSEN, is also the salaried Director/Principal/CEO of the school and defendant, CATHERINE SORENSEN, is a salaried Consultant at this Arizona incorporated school which they own, manage and operate and by which they are employed.

14. At all times mentioned herein, defendant, AGRA-TECHNOLOGIES, is a Nevada Corporation headquartered at 50 W. Liberty Street, Reno, State of Nevada. Defendant had a business plant located at (The ALPINE RANCHES WATER STATION) 19722 and 66 Leupp Rd, Flagstaff, State of Arizona, Coconino County (Assessor's No. 303-25-009G [25.87acres] split in 2004 to create 303-25-009K [10.01acres] and 303-25-009J [15.87acres], to

which land, defendant, AGRA-TECHNOLOGIES, holds title and still holds title despite a judgment lien obtained against it in excess of $16,215,000.00 in favor of defendant, PATRICIA L. BARFIELD.

15. Plaintiff does not know the true names of defendants, Doe, 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on that basis alleges that each of those defendants was and in some manner is legally responsible for the events, happenings, injuries, and damages alleged in this complaint.

## CLASS ACTION

16. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated. The class plaintiff represents consists of all persons who live or lived in Alpine Ranches, Coconino County, from 1987 to the present (2013) and who purchased their home or land or otherwise settled in same on the information and belief that a nearby source of water (WATER STATION) would always exist to serve the community, in perpetuity; and who, on information and belief, expected to be provided with safe drinking water from this well, under the Safe Drinking Water Act; and who have found that the accessibility of water from the WATER STATION has become increasingly restricted and has never been made safe for drinking and is expected to continue in this state of affairs and worsen on account of, inter alia, defendants' invidious acts of discrimination against plaintiffs and expressed intent to further restrict plaintiffs' access to water from the WATER STATION; and who found that despite the payment of homeowner property taxes which by defendant, STATE OF ARIZONA, has appropriated for the purpose of providing educational opportunities in communities paying such taxes; plaintiffs have been denied access to the sole existing educational opportunity in the

community for their minor children by the defendants, MARK and CATHERINE SORENSEN, at their Pre-K through elementary Charter school known as the STAR SCHOOL.

17.   The class plaintiff represents is so numerous that the joinder of each member of the class is impracticable.

18.   There is a well-defined community of interest in the questions of law and fact affecting the class which plaintiff represents.   The class members' claims against defendants involve questions of common or general interest, in that defendants' conduct toward plaintiffs is community-wide and pertains specifically to the Alpine Ranches community and if allowed to continue, will, among other things, continue to adversely affect the local and national economy by restricting the available options for, among others, the acquisition of water for feeding livestock, trees and plants and for drinking and household use; reduce the value of the land in the community because its only source of water is unreliable and unhealthy; deter newcomers and business investors from buying into and settling in the community because the only existing educational opportunity for minor children is unlawfully and unconstitutionally racially segregated and additionally deter newcomers because there exists a blanket monopoly over land ownership controlling and guiding the development of the community and its resources into a Utopian, segregated society formed to comport with the vision of the one majority landowner.

19.   This conduct, if allowed to continue, will also adversely affect the social condition and welfare of Coconino County and Arizona in addition to the national economy by expanding and worsening any divisions that may previously have existed between members of the African-American, Caucasian, Hopi and Navajo population and begin the establishment of this part of Coconino County as a segregated community in violation of the proper, fair, just, equitable and

free society for which the Constitution of the United States of America was drafted to found, establish and protect.

20.   Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

21.   Plaintiff alleges that each of the defendants performed, participated in, aided and/or abetted in some manner the acts averred in this action and proximately caused the damages averred below, and is liable to plaintiffs for the damages and other relief sought in this action.

22.   Based upon information and belief, plaintiff alleges that defendant, STATE OF ARIZONA, was and is responsible for the implementation and enforcement of the laws of the State and of the United States, including the Safe Drinking Water Act; and for the disbursements of property taxes to educational institutions and for overseeing that the rights of its citizens are protected, including the relationship rights between Native and Non-Native Americans.

23.   Based upon information and belief, plaintiff alleges that defendant, PATRICIA L. BARFIELD, Dir., Arizona State Corporation Commission, is responsible for the monitoring of all businesses situated within its boundaries to ensure that the laws of these United States, as well as the State and Constitutional rights of its citizens be not violated by the actions and policies of said businesses.

24.   Defendant, BARFIELD, has also obtained and recorded in 2007, a judgment lien against the defendant, AGRA-TECHNOLOGIES, in excess of Sixteen Million Dollars and still has not seized the judgment debtor's assets and land holdings located in the State of Arizona.

25. Based upon information and belief, plaintiff alleges that defendant, AGRA-TECHNOLOGIES, is current title holder to the land known as 303-25-009G (split in 2004 to create 303-25-009J and 303-24-009K) and the local public utility WATER STATION

appurtenant thereto, located at 19722 Leupp Rd in Alpine Ranches, Coconino County, which is currently under contracts of sale and lease to defendants, MARK and CATHERINE SORENSEN.

26.   Based upon information and belief, plaintiff alleges that defendants, MARK and CATHERINE SORENSEN, are owners, employees and Directors of the PAINTED DESERT DEMONSTRATION PROJECT dba The STAR SCHOOL, a corporation organized and existing under the laws of the State of Arizona, operating a Pre-K through 8th Grade Charter school designed exclusively for Navajo children and the promotion of Navajo culture.

27.   Defendants have expressed the intent, once in legal possession of the community's Water Station, to set aside for private use, a portion of the available water which previously, without restriction, had been available for public use.

28.   Defendants have also expressed the intent to build another segregated school upon the premises at the Water Station for the furtherance of the education of Navajo children despite the presence of toxic chemicals at the site.

29.   Defendants have also expressed the intent to build a segregated society founded for the purpose of expanding and promoting Navajo culture upon Arizona State land which includes housing and the ownership of said State land for the people of the Navajo Nation.

## COUNT ONE

### (VIOLATION OF STATE EQUAL PROTECTION AND DUE PROCESS)

30.   Count One of the complaint is filed under the Equal Protection and Due Process Clauses of the Constitution of the State of Arizona which guarantees plaintiff the Equal Protection of the laws and Due Process under the law and incorporates by reference, Paragraphs 1–29 above and makes them a part hereof.

31. In violation of those provisions cited in paragraph 1 and 5 above, defendants, acting on his/her own behalf and in concert and in collusion with each other, purposefully and with malicious intent, based upon plaintiff's race and/or nationality, allowed the STAR SCHOOL to continue to operate while excluding Non-Navajos, in whole or in part, as a matter of de facto and/or de jure segregation, from attending or being employed at the school and while promoting Navajo culture and traditions in violation of, inter alia, State obscenity and public nuisance laws.

32. In violation of the State's Due Process Clause, defendants, in an act of eminent domain, allowed the STAR SCHOOL to have adults and children engage together in nudist practices in full view of plaintiffs and the surrounding community and failed to attempt to satisfy a Judgment lien by seizing Parcel #303-25-009G (Water Station), and making it available for plaintiff's purchase and/or appointing a public fiduciary over it thereby protecting plaintiff's water rights interest in that public utility.

33. Defendant's failure to seize the property has allowed title to the property to become encumbered and hidden without due notice to the Alpine Ranches community which community has a vested and vital interest in the Water Station through its water rights.

34. Defendants' failure to curtail the nudist practices has allowed the STAR SCHOOL to infringe upon the right of the surrounding community to be free from blatant obscenity involving minors in full view of minor children, the elderly and other community members and, in effect, represents a forfeiture of plaintiffs' freedom in their lands and homes when forced to stay indoors to keep from observing the obscenity practiced at the defendants' STAR SCHOOL.

35. These actions taken by the defendants were taken solely on the basis of plaintiffs' race/nationality specifically for the purpose of providing a fabricated benefit to members of the Navajo nation and residents of the Navajo Reservation in gross disregard to the detriment and

damage it would likely cause and is causing to the educational, water, property and business rights of non-Navajos in the community and the division it would cause in the relationship between the Navajos and non-Navajos, while at all times defendants' intentions were solely for exploiting the Navajo peoples for their own financial gain.

36. As a result of these actions taken by the defendants, plaintiffs have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss and damage in that plaintiffs have been deprived of qualified employment and business opportunities in their community; denied access to safe drinking water; denied educational opportunities for minor children in their custody; and suffered emotional, physical and financial losses in that plaintiffs have had to forgo obtaining water for household use on many critical occasions and drive 30 miles or more to obtain same and safe drinking water; forgo interceding in family matters where minor children would need to have ready access to schools and have had to send minors in their care to long-distance schools despite the fact that their taxes go to paying for the one situated in their neighborhood .

37. Plaintiffs therefore have no adequate or speedy remedy at law, and this action for injunctive relief is plaintiffs' only means for securing relief.

**COUNT TWO**

**(VIOLATION OF FEDERAL EQUAL PROTECTION AND DUE PROCESS CLAUSES)**

38. Count Two of the complaint is filed under the Equal Protection and Due Process Clauses of the Constitution of the United States of America which guarantees plaintiff the equal protection of the laws and due process under the law and incorporates by reference, Paragraphs 1–29 above and makes them a part hereof.

39.  In violation of those provisions cited above in paragraph 1 and 5, defendants, acting on his/her own behalf and in concert and in collusion with each other, purposefully and with malicious intent, based upon plaintiff's race and/or nationality, allowed the STAR SCHOOL to continue to operate while excluding Non-Navajos, in whole or in part, as a factor of de facto and/or de jure segregation, from attending or being employed at the school and while promoting Navajo culture and traditions in violation of State obscenity and public nuisance laws.

40.  In violation of the United States Constitution's Due Process Clause, defendants failed to attempt to satisfy a Judgment lien by seizing Parcel #303-25-009G (Water Station), and making it available for plaintiff's purchase and/or appointing a public fiduciary over it thereby protecting plaintiff's water accessibility interest in that public utility. Defendant's failure to seize the property has allowed title to the property to become encumbered without due notice to the Alpine Ranches community which community has a vested and vital interest in the property through its water rights.

41.  These actions taken by the defendants were taken solely on the basis of plaintiffs' race/nationality specifically for the purpose of providing a fabricated benefit to members of the Navajo nation and residents of the Navajo Reservation in gross disregard to the detriment and damage it would likely cause and is causing to the business, educational, water and property rights of non-Navajos in the community and the division it would cause in the relationship between the Navajos and non-Navajos, while at all times defendants' intentions were solely for exploiting the Navajo peoples for their own financial gain.

42. As a result of these actions taken by the defendants, plaintiffs have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss and damage in that plaintiffs have been deprived of qualified employment and business opportunities

in their community; denied access to safe drinking water; denied educational opportunities for minor children in their custody; and suffered emotional, physical and financial losses in that plaintiffs have had to forgo obtaining water for household use on many critical occasions and drive 30 miles or more to obtain same and safe drinking water; forgo interceding in family matters where minor children would need to have ready access to schools and send minors in their care to long-distance schools despite the fact that their taxes go to paying for the one situated in their neighborhood.

## COUNT THREE

## (VIOLATION OF FEDERAL ANTI-TRUST LAWS)

43.   Count Three of the complaint is filed under 15 U.S.C.A. §§15 and 26 commonly known as §§4 and 16 respectively, of the Clayton Act and 15 U.S.C.A. §1, commonly known as §1 of the Sherman Act, and incorporates by reference, Paragraphs 1–29 above and makes them a part hereof.

44.   Plaintiff and others similarly situated have a common interest in maintaining a free and unhampered market for the growth and development of their community and the growth and development of trade in the same. Plaintiffs' ability to purchase land and develop businesses in the Alpine Ranches community is being hampered by the monopolizing of the only business opportunities in the community by the defendants acting together and in concert and by their surreptitious acquisition of land with a view toward the construction and development of a Utopian segregated society contrary to the interest of the community-at-large and contrary to the policies, practices and spirit of the U.S. Constitution.

45.   In violation of those provisions cited above in paragraph 43, defendants, acting on his/her own behalf and in concert and in collusion with each other, purposefully and with

malicious intent, entered into contract to sell the Water Station to defendants, SORENSENS, and are involved in negotiations to release the sixteen million plus dollar Judgment Lien on the property in the SORENSENS' favor despite the fact that the defendants have made it clear that they intend to use the community's sole source of water for their own purposes.

46.   These actions to monopolize businesses in the Alpine Ranches community, were taken and are being taken by the defendants for the specific purpose of barring plaintiffs from successfully inhabiting the Alpine Ranches community in which they had settled and force them to sell their property and move away so that defendants can become free to construct and develop the Utopian, segregated society they desire.

47.  As a result of these actions taken by the defendants, plaintiffs have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss and damage in that plaintiffs have suffered the deprivation of readily available water for household use, safe drinking water, educational opportunity for their minor children despite the fact that they pay for same to the State of Arizona, and deprivation of free enterprise business and employment opportunities in their community.

48.   Plaintiffs therefore have no adequate or speedy remedy at law, and this action for injunctive relief is plaintiffs' only means for securing relief.

## COUNT FOUR

## (VIOLATION OF INDIAN SELF-DETERMINATION AND EDUCATION ASSISTANCE ACT)

49.   Count FOUR of the complaint is filed under the Indian Self-Determination and Education Assistant Act and incorporates by reference Paragraphs 1-29 above and makes them a part hereof.

50.  In 2004, Marion and JT Roether, for $0.00, transferred to defendants, SORENSENS, as trustees, the parcel of land (303-25-009C) upon which was sitting and now sits the PAINTED DESERT DEMONSTRATION PROJECT, INC., dba THE STAR SCHOOL.

51.  On the same day of that conveyance, defendants conveyed the land to themselves as owners for $0.00.  Five years later in 2009, defendants sold the land to STAR SCHOOL (themselves on the Board of Directors as President and Treasurer) for $1,200,000.00.

52.  As per Corporation Commission records, the STAR SCHOOL started out with $0.00 in its account in 2002 and had no record of substantial assets in its accounts until 2007 when it received government funding.

53.  At all times, since its inception until this date (July 8, 2013), the STAR SCHOOL's academic standing in the State of Arizona, has been substandard and/or failing.

54.  At no time, since its inception, has the STAR SCHOOL ever had more than two Navajo tribal members on its Board of Directors of five members.  Defendants, MARK and CATHERINE SORENSEN, respectively, are President and Treasurer of the Board of Directors at the STAR SCHOOL, MARK SORENSON holding title to CEO/Principal/Director of same.

55.  Defendants, SORENSENS, are now under contract to purchase and are in possession on a lease agreement over the Alpine Ranches community Water Station and have expressed the intent to build a high school for Navajo children at this location. Defendants have also expressed to the community that the Water Station had suffered, in the past, toxic chemical spillages and seepages.

56.  Defendants are owners of over eighty acres of land in Alpine Ranches upon which there has been no known toxic chemical spillage or seepage and on which a water well was drilled as alleged in ¶87 of COUNT SEVEN of this Complaint.

57. By reason of defendants' actions, plaintiffs have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss and damage in that plaintiffs have suffered, inter alia, the deprivation of readily available water for household use, safe drinking water, educational opportunity for their minor children despite the fact that they pay for same to the State of Arizona, free enterprise business and employment opportunities in their community and a worsening of any division that may have existed between the plaintiffs and the peoples of the Navajo Nation.

58. Plaintiffs therefore have no adequate or speedy remedy at law, and this action for injunctive relief is plaintiffs' only means for securing relief.

**COUNT FIVE**

**(GROSS NEGLIGENCE, NEGLIGENCE, BREACH OF DUTY)**

59. Count Five of the complaint is filed under the Common law torts of Negligence, Gross Negligence and Breach of Duty and incorporates by reference Paragraphs 1-29 above and makes them a part hereof.

60. At all relevant times, there was in full force and effect in the United States of America, a certain statute, namely, the Safe Drinking Water Act, P.L. 93-523; 83 stat.1666; 42 U.S.C. §300f et seq., which requires and provides funding to allow owners and managers, including the state of Arizona, of a public water system, to ensure that safe drinking water is being provided to the users of that public system.

61. At all relevant times, a water well locally known as the Alpine Ranches "Water Station" was and is situated upon Tax Assessor Parcel #303-25-009G and later 303-25-009J. Said Water Station was and still is the only source of water and drinking water within 30 miles for a population of over 300 persons.

62. At all relevant times, defendant, AGRA TECHNOLOGIES operated a gold mining business which utilized toxic chemicals in the processing of gold from cinders.

63. At all relevant times, Defendant, STATE OF ARIZONA, knew that AGRA TECHNOLOGIES was using toxic chemicals to mine gold and that there had been chemical spillage and seepage into and onto the premises and all structures appurtenant thereto.

64. A month after coming into possession of the Water Station in 2004, AGRA TECHNOLOGIES split the land (303-25-009G) into #303-25-009J (15.87 acres) and 303-25-009K (10.01 acres). At the time of the split in 2004, both parcels were retained by AGRA-TECHNOLOGIES until March 2006 when Parcel #303-25-009K was conveyed to Reliance Land Company.

65. Based upon their fraudulent and deceitful business practices, on or about August 31, 2007, defendant, STATE OF ARIZONA, recorded a Judgment lien against defendant, AGRA-TECHNOLOGIES and its Board of Directors, individually and corporately, in the amount of $16,215,616.44.

66. On April 22, 2010, Reliance Land Company transferred title to Parcel #303-25-009K to Grace Hill enterprises who seven days later on April 29, 2010 transferred it to AGRA-TECHNOLOGIES which had changed its name from AGRA-TECHNOLOGIES to GHE MINERALS.

67. On April 29, 2010, AGRA TECHNOLOGIES was once again in possession of the complete make-up of the original Parcel (#303-25-009G) of land upon which the Water Station sits. About eight months later, in February of 2011, defendant, AGRA-TECHNLOGIES, conveyed Parcel #303-25-009K to Sunwest Bank.

68.  At no time between the time of its recording in 2007 of its sixteen million plus dollar Judgment against AGRA-TECHNOLOGIES and June 24, 2013, did defendant, PATRICIA L. BARFIELD, attempt to seize the property or holdings of the judgment debtor to satisfy its judgment and/or to protect the interest of the local community in its water resource despite the fact that the judgment debtor was known to engage in fraudulent and deceitful business practices and was using toxic chemicals on the premises.

69.  During the time from July 2007 to June 2013, Defendants, AGRA-TECHNOLOGIES, and/or MARK and CATHERINE SORENSEN have been in possession and continue to own, manage and operate the Water Station to the detriment of the community in that toxic spills have occurred on the land, the water has never been made safe for drinking, the water has increasingly become inaccessible and unavailable causing plaintiffs to have to drive 30 miles or more to town to obtain water and safe drinking water.

70.  Defendants had every reason to know that plaintiffs would suffer great harm and expense if water and safe drinking water was not made continuously available from that sole community resource and still they continued to operate it in that manner hazardous to the health of the Alpine Ranches community.

71.  As a direct and proximate result of the negligence of defendants, as stated above, plaintiff has suffered financial loss in having to continuously drive in excess of 30 miles to obtain water and safe, drinking water and have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss and damage in that plaintiffs have suffered the deprivation of readily available water for household use, safe drinking water, educational opportunity for their minor children despite the fact that they pay for same to the State of Arizona, and free enterprise business and employment opportunities in their community.

72.  Plaintiffs therefore have no adequate or speedy remedy at law, and this action for injunctive relief is plaintiffs' only means for securing relief.

## COUNT SIX

## (BREACH OF EASEMENT/RIGHT OF WAY)

73.  Count Six of the complaint is filed under the Common law tort of Breach of Easement or Right of Way and incorporates by reference Paragraphs 1-29 above and makes them a part hereof.

74.  Around 1987, LAVAUN HARENBERG, the original owner of the parcel of land on which the Water Station is situated (303-25-009G), drilled a well into the Aquifer for the purpose of providing water to his substantial holding of land. He then transferred his land into a trust (1995) and began to operate his well as a public utility by selling the water to anyone who wanted to buy it.

75.  Plaintiff is not privy to the terms of the trust, but upon every conveyance of the Water Station (303-25-009G), from HARENBERG to TAMMY J. and JEFFEREY W. LOBSTEIN CPWROS(1997) to WILLIAM J. and SANDRA PIERSON(2002) to  WILLIAM J. PIERSON DBA D&B ENTERPRISES INTERNATIONAL(2002) to AGRA TECHNOLOGIES INC.(2004)to MARK CATHERINE SORENSEN (under contract to buy-2012), possessors of the Water Station always made water available to the community, at the possessor's own expense, which included the purchase of fuel, labor, equipment, maintenance and repair.

76.  New home and land purchasers in Alpine Ranches have been and are being informed that the Water Station is a local public utility at which they are able to obtain water for drinking, household, livestock and homesteading needs.

77.  Upon information and belief, during the time defendant, AGRA-TECHNOLOGIES, owned the Water Station, in the operation of their mining business, defendant spilled toxic chemicals on the premises and allowed toxic chemicals to seep onto and into the building and the premises.

78.  On or about May 1, 2012, defendants, SORENSENS, entered into contract to purchase and lease the Water Station from the defendants, AGRA-TECHNOLOGIES.  Since that time, defendants have been in possession and have restricted the delivery and accessibility of water to the community where previously plaintiff and the entire community was able to continually obtain water every day and at any time.

79.  Defendants, SORENSENS, have informed the community that it is their intention to further restrict the community's accessibility to water by taking more than half of the readily available water and reserve it for fire suppression at their school across the street.

80.  Defendants, SORENSENS, have also informed the community that it is their intention to further restrict community access to water by building a high school for Navajo children on the Water Station premises and this is so despite the fact that the SORENSENS own over 80 acres of land across the street adjacent to the STAR SCHOOL on which there has never been any known spillage of toxic chemicals.

81.  By reason of the defendants' restrictions and projected restrictions upon plaintiffs' Right of Way over the Water Station, plaintiffs have suffered damages and will continue to suffer such damages if defendant's actions are allowed to continue in that plaintiffs have had to drive over 30 miles to obtain water and safe drinking water, and have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss and damage in that plaintiffs have suffered the deprivation of readily available water for household use, safe

drinking water, educational opportunity for their minor children despite the fact that they pay for same to the State of Arizona, and have been denied free enterprise business and employment opportunities in their community by the monopolizing "Utopian- society" vision and conspiratorial conduct of the defendants.

82.   Plaintiffs therefore have no adequate or speedy remedy at law, and this action for injunctive relief is plaintiffs' only means for securing relief.

## COUNT SEVEN

## (FRAUD, DECEIT AND CONSPIRACY)

83.   Count SEVEN of the complaint is filed under the Common law torts  of Fraud and Deceit and Conspiracy and incorporates by reference Paragraphs 1-29 above and makes them a part hereof.

84.   Beginning in and around 2002 and continuing to the present (2013), defendants, acting together and in concert, conspired to represent and did fraudulently and falsely represent to plaintiffs that the defendants would build and operate, in accordance with the Constitution of the United States and Arizona State law, a Pre-K through eighth grade school that would benefit the community by establishing in said community, improved educational opportunity for the age range mentioned.

85.   The representations made by defendants were in fact false. The true facts were that the defendants desired to situate in plaintiffs' community located near the Navajo Reservation, a Pre-K through eighth grade school that was not in accordance with the United States Constitution in that, inter alia, it discriminated against non-Navajos and fraudulently obtained federal monies set aside for the improvement of the education of the Navajos for the purposes of defendants' financial gain.

86.   When the defendants made these representations, they knew them to be false and these representations were made by the defendants with the intent to defraud and deceive plaintiffs and with the intent to induce plaintiffs to accept and approve the building of defendants' school in plaintiffs' community.

87.   Beginning in or around 2010, defendants, acting together and in concert conspired to represent to plaintiffs and did fraudulently and falsely represent to plaintiffs that the defendants would build and operate, in accordance with the Constitution of the United States and Arizona State law, a public water well at defendants' Pre-K through eighth grade school that would benefit the community by providing a secondary source of community water.

88.   The representations made by defendants were in fact false. The true facts were that the defendants would use plaintiffs' compliance to obtain private and public funds set aside for public utilities by representing to funding sources that the well would be a public utility.

89.   When the defendants made these representations, they knew them to be false and these representations were made by the defendants with the intent to defraud and deceive plaintiffs and with the intent to induce plaintiffs to accept and approve the building of defendants' water well at the school in plaintiffs' community even though they never intended to allow plaintiffs to use the water well and defendants are still using public funds to have water hauled to the school.

90.   Plaintiffs, at the time these representations were made by defendants and at the time plaintiffs took the actions alleged, were ignorant of the falsity of defendants' representations and believed them to be true.   In reliance on these representations, plaintiffs were induced to forgo protest of the building of the school and of the well and forgo taking legal action against

discriminatory practices being perpetrated by the school and forgo taking legal action against defendants' denial to plaintiffs of access to water from the new water well built at the school.

91.  As a proximate result of defendants' fraud and deceit and conspiracy and the facts alleged, plaintiffs have been damaged in the sum of $2,000,000.

92.  In doing the acts alleged, defendants acted with oppression, fraud and malice and plaintiffs are entitled to punitive damages in the sum of 6,000,000.00.

93.  Further, as a result of these actions taken by the defendants, plaintiffs have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss and damage in that plaintiffs have suffered the deprivation of readily available water for household use, safe drinking water, educational opportunity for their minor children despite the fact that they pay for same to the State of Arizona, and free enterprise business and employment opportunities in their community.

94.  Plaintiffs therefore have no adequate or speedy remedy at law, and this action for injunctive relief is plaintiffs' only means for securing relief.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, on behalf of herself, and all other persons similarly situated, requests judgment as follows:

1.  That pending the final hearing and determination of this action and to keep plaintiffs from suffering further injury resulting from a deprivation of access to their sole water source and safe drinking water, plaintiffs be granted a preliminary injunction enjoining defendants, defendants' attorneys, officers, agents, servants, employees and any and all other persons in active concert or participation with them from selling, controlling, managing and/or operating the Alpine Ranches Water Station and its appurtenances at Tax Assessor Parcel No. 303-25-009J, and;

2.  That pending the final hearing and determination of this action and to keep plaintiffs from suffering further injury resulting from a deprivation of access to their sole water source and safe drinking water, any active contract for purchase, sale and/or lease of

the premises at 66 and 19722 Leupp Rd. Flagstaff, State of Arizona, Coconino County, Tax Assessor Parcel No. 303-25-009J is hereby vacated and declared null and void and defendants, their attorneys, officers, agents, servants, employees and any and all other persons in active concert or participation with them are hereby enjoined to vacate said premises;

3. That pending the final hearing and determination of this action and to keep plaintiffs from suffering further injury resulting from a deprivation of access to their sole water source and safe drinking water, plaintiffs, by and through the ALPINE RANCHES WATER COMMISSION, be appointed as fiduciaries over the Alpine Ranches Water Station having all power to manage and operate said Water Station and to collect all income and oversee all expenditures necessary to keep the Water Station open and available to the community for their water needs.

4. Declaring this action to be a properly maintained class action;

5. Declaring that the Alpine Ranches community, since the establishment of the LAVAUN HARENBERG TRUST, has a prior and vested legal interest in Tax Assessor Parcel No. 303-25-009G (the Water Station), a Right of Way, which runs with the land.

6. Declaring that, Tax Assessor Parcel No. 303-25-009G could not properly be split and sold by defendant, AGRA-TECHNOLOGIES.

7. Declaring null and void, the contract of sale and purchase entered into by and between the defendants, SORENSENS and AGRA-TECHNOLOGIES, pertaining to Tax Assessor Parcel No. 303-25-009J.

8. Declaring plaintiffs, as constituted in the ALPINE RANCHES WATER COMMISSION, permanent fiduciaries over the interest of the Alpine Ranches community in the Water Station (Tax Assessor Parcel No. 303-25-009G).

9. Declaring that, on its face and as applied to plaintiffs, the PAINTED DESERT DEMONSTRATIONS PROJECT, INC dba THE STAR SCHOOL is unconstitutional.

10. Enjoining defendants, SORENSENS, from further obtaining federal grants and monies set aside for the educational improvement of children of the Navajo Nation.

11.  Treble exemplary and/or punitive damages in the amount of $30,000,000.00 .

12.  Payment of plaintiffs' attorney's fees from the amount recovered for the common benefit of the class;

13.  Money damages in the amount of 10 million dollars for plaintiffs' loss of income and pain and suffering.

14.  Money damages in the amount of 2 million dollars for the common benefit of the class.

15.  Costs of suit, and;

16.  Such and other and further relief as the court deems just and proper.

Dated: July 9th 2013

Grace P. Thompson, Plaintiff Pro Se

## **VERIFICATION**

Grace P. Thompson, plaintiff, is the person who executed the foregoing Complaint for Injunctive, Declaratory and Monetary Relief.  Plaintiff has read the instrument and knows the contents of the instrument.  The matters stated in the Complaint are true to plaintiff's knowledge, except such matters are stated to be on information and belief, and as to those matters, plaintiff believes them to be true.

Dated July 9th 2013

Grace P. Thompson, Pro Se Plaintiff

Sworn to and subscribed before me on July ___9___ 2013,

Notary

OFFICIAL SEAL
**VAUGHN SELLS**
NOTARY PUBLIC – STATE OF ARIZONA
COCONINO COUNTY
My commission expires July 08, 2016.

THOMPSON, GRACE P. VS. STATE OF ARIZONA, ET AL. - 26